Nott, J.,
dissenting:
The findings of fact in this case I deem to be nothing more than an epitome of the evidence, and to fail- in being a finding of facts in the nature of a special verdict. Begarding them as a correct epitome of the evidence, I assent to them proforma to avert another year of delay in obtaining the ultimate decision of this case by the Supreme Court.
The facts which the evidence establishes are in my judgment ' few and brief, and may be statéd informally as these:
I. The boundaries of the Oarondelet commons were traced by Bector in 1816 under the act of 1812, and were retraced by Brown in 1834, and finally confirmed by the Secretary of the Interior in 1855.
II. In 1826 the Government entered upon this tract, and from that time to the present has occupied a plat entirely within the boundaries of the commons, for the purpose of a military post and reservation. The Government has never set up any title adverse to that of Oarondelet. Its possession has been avowedly under, first, a deed from certain inhabitants of Caron-delet, executed in 1826, for a nominal consideration; and, *466 second, another deed executed in 1854 by the city of Caronde-let, also for a nominal consideration; and as to neither deed has any consideration ever been paid.
III. At various times prior to the execution of this second deed, on which the Government now relies, the city of Caron-delet sought to procure the confirmation of Elector’s and Brown’s surveys, and a patent for its commons under the act of 1812 ■ but the Secretary of War interfered by requesting the officers of the Interior Department not to confirm the surveys and not to issue a patent until the title of the Government to the military reservation could be secured. The Secretary of the Interior, complying with such request, delayed acting upon the application of Carondelet. It was then represented to the corporate authorities of the city that such action would continue to be withheld until a conveyance should be made to the Government of the Jefferson Barracks tract. These representations were made without the authority of the Secretary of the Interior, but were believed by the authorities of Carondelet, and in that belief, and for that reason only, they executed the deed for the Jefferson Barracks tract under which the Government now holds.
Upon these facts, and upon the evidence from which they are deduced, I am of the opinion that the claimant should recover, It is not a case of overlapping boundaries, which could have been adjusted and compromised by the parties; neither was there any adverse title or claim on the part of the Government upon which to base a compromise. The tract conveyed was a plat entirely within the common, and a tract which the Government did not profess to hold in its own right, nor under an adverse title, but always as a grantee under Carondelet. The grant of the common to Carondelet is simply evidenced by the surveys and their confirmation, but the grant itself goes back to and springs out of the act of 1812. The Secretary of the Interior had power neither to give nor to withhold a grant. His business was simply to ascertain what the Government had granted in 1812, and then to furnish the party with legal evidence of his title thereto. Therefore, the deed from the city to the Government, which is now the subject of dispute, stands in precisely the same plight which it would be in if it had been given subsequently to the confirmation, of the city title. The Government is in precisely the same plight as any other grantee *467 of Caroudelet wbo bought and took possession before the confirmation of the surveys. The question is simply whether a deed without consideration executed in mistake of fact, or induced by duress or intimidation, shall stand and be binding upon the grantors. As to the power of this court to entertain a suit for trying such a question, the doubt which formerly existed is now removed by the act of Congress specifically conferring the necessary jurisdiction. Under it the court may look into the matter as a court of equity, and give relief by setting aside the deed or compelling the Government to pay the true consideration thereof.